O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE NIJJAR,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GENERAL STAR INDEMNITY<br>COMPANY; and DOES 1-20,<br><br>　　　　　Defendant. | Case No. CV 12-08148 DDP (JCGx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER PERMITTING SUBSTITUTION OF A NEW EXPERT**<br><br>[DKT No. 20.] |

Presently before the court is Plaintiff Pete Nijjar's Motion for an Order Permitting Substitution of a New Expert. The motion is suitable for adjudication without oral argument. Having considered the parties' submissions, we rule as follows.

I.  **Background**

In the underlying action, Plaintiff asserts claims for breach of contract and bad faith arising from General Star Indemnity Company's ("General Star") refusal to reimburse Plaintiff for certain losses resulting from a fire that occurred in 2005 in an apartment building owned by Plaintiff. (See DKT No. 1.) In the

present motion, Plaintiff requests permission to substitute a new expert witness following the expiration of cutoff dates for the designation of experts and expert discovery. (See DKT No. 20.) Defendant General Star Indemnity Company ("Defendant") opposes the motion. (See DKT No. 24.)

On January 16, 2013, the court entered a Scheduling Order requiring the parties to designate their initial expert witnesses by no later than September 23, 2013 and complete expert witness discovery no later than November 11, 2013. (See DKT No. 13.) The same Scheduling Order set the last day to file motions as December 9, 2013. (Id.)

On September 20, 2013, the last business day before the deadline for naming expert witnesses, Plaintiff designated Barry Zalma as his primary expert. (See Declaration of Paul A. Impellezzeri in Support of Opposition, Ex. 2.) Plaintiff disclosed that Zalma would offer opinions regarding "the handling of Mr. Nijjar's claim by [General Star], the custom and practice of commercial property insurers, and how the action of General Star violated these standards." (Id.)

On October 31, Defendant took Zalma's deposition and questioned him regarding a conflict posed by work Zalma previously performed as an attorney for Defendant General Star Indemnity Company. (Id., Ex. 5 at 33.) As Defendant noted in the deposition, Zalma's prior work for General Star was the subject of an order in Homecoming Financial Network v. General Star Indemnity, et al., (S.D. Cal 2001), Case No. 00-CV-1355-IEG (JFS). (See id.; Defendant's Request for Judicial Notice, Ex. 8.) As in the instant case, the plaintiff in that suit brought breach of contract and bad

2

faith claims against General Star. The plaintiff's firm had retained Zalma as a consultant and possible expert after Zalma had previously been retained by General Star for approximately two years to provide legal services regarding the same policy that was in dispute in the case, exposing Zalma to confidential information and posing an obvious conflict. (Id.) As a result, the court found it necessary to disqualify every attorney in the firm representing the plaintiff. Zalma stated in the deposition that he had no recollection of Homecoming Financial Network. (Impellezzeri Decl., Ex. 5 at 33.)

On November 1, 2013, the morning following Zalma's deposition, Plaintiff agreed via email to withdraw Zalma as his expert and raised in general terms the substitution of a new expert. (Impellezzeri Decl., Ex. 6 at 55.) At that point, Defendant offered to stipulate that Plaintiff's rebuttal expert, Michael Nedobity, act as Plaintiff's main expert. (Id.) Plaintiff had timely designated Michael Nedobity as his expert to rebut the testimony of Defendant's expert Kevin Hroma. (See Impellezzeri Decl., Ex. 3, 4.) Plaintiff disclosed that Nedobity would offer expert testimony to rebut the testimony of Hromas regarding "the handling of Mr. Nijjar's claim and the damages incurred, including California Code of Regulations regarding construction standards on repair of structures." (Id., Ex. 4.) However, Plaintiff declined the offer, stating that Nedobity was not qualified to serve as the primary witness because his testimony and that of Zalma only partly overlapped. (Id.)

On December 9, Plaintiff filed the instant motion requesting an order granting him permission to substitute Richard Masters as his main expert witness in lieu of Zalma. (See DKT No. 20.)

## II. Legal Standard

Federal Rule of Civil Procedure 26(a)(2)(D) provides that parties must make disclosures related to expert witnesses "at the times and in the sequence that the court orders." (Fed.R.Civ.P. 26(a)(2)(D). Rule 37(c) provides sanctions for the failure to disclose an expert witness in a timely manner. Specifically, Rule 37(c) states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). The Ninth Circuit has held that "[i]mplicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001). District courts have broad discretion in deciding whether to impose a sanction pursuant to Rule 37(c)(1). Id. at 1106.

## III. Discussion

Because Plaintiff did not disclose Richard Masters as an expert witness within the period allowed by the court's Scheduling

4

Order, the court considers whether the delay may be excused as substantially justified or harmless under Rule 37(c).[1]

As for substantial justification, Plaintiff contends that the original expert witness was withdrawn from the case "as a result of a surprise, untimely piece of evidence from opposing counsel that an unbeknownst conflict of interest exists and through no fault of Plaintiff nor his counsel." (Mot. at 3.) He further notes that "Zalma had no recollection of his work for a subsidiary of Defendant, which did not turn up during his conflicts check." (Id. at 4.) We are unpersuaded.

Reasonable diligence on the part of Plaintiff and his now-withdrawn expert would have uncovered the conflict and prevented the delay leading to the instant motion. Indeed, it is apparent that Plaintiff did not adequately vet Zalma, whom he designated as his expert on the last business day before the cutoff for the disclosure of expert witnesses, (see Impellezzeri Decl., Ex. 2; DKT No. 13.), and that Zalma did not conduct a reasonably competent conflict check. The conflict at issue--Zalma's prior work as an attorney for Defendant General Star Indemnity Company--is a matter of public record that would be readily accessible via PACER, Westlaw, or Lexis. See, e.g., Homecoming Financial Network, 2001 WL 346254462 (S.D.Cal). As noted, the conflict was serious enough that

---

[1] The court rejects Plaintiff's contention that the applicable standards are those pertaining to supplementing disclosures and responses under Rule 26(e). Plaintiff is not seeking to supplement or correct an earlier disclosure that was incomplete or inaccurate, as relevant for Rule 26(e), but rather to replace his expert witness following the cutoff date for designating experts and permitting expert discovery. As noted above, Rules 26(a)(2)(D) and 37(c) specifically address this circumstance.

it required the disqualification of every lawyer in the firm representing the plaintiff in the suit. (See id. at 16.) Moreover, contrary to Plaintiff's assertion that Zalma worked only for a subsidiary of Defendant--implying that the relationship with Defendant may have been less than obvious--the order in <u>Homecoming Financial Network</u> states that Zalma was counsel for General Star Indemnity Company, Defendant in the instant suit. (See id. at 2; Mot. at 4, 8.) Because the conflict would have been discovered through the exercise of reasonable diligence, the late revelation of the conflict in the course of the discovery process cannot be attributed solely to Defendant as a "surprise, untimely piece of evidence from opposing counsel." (Mot. at 3.)

Moreover, Plaintiff did not exercise reasonable diligence in addressing the situation after the conflict was brought to his attention. Once Zalma's conflict was identified to Plaintiff on October 31, 2013, Plaintiff still had more than a week to seek leave of the court to designate another expert prior to the expert discovery cutoff of November 11, 2013. Yet Plaintiff did not notify Defendant of his intention to substitute Richard Masters as his claims handling expert until November 15, 2013, after the cutoff date. Further, Plaintiff did not seek leave of the court to name a new expert until he filed this motion on December 9, 2013, fully one month after expert witness discovery had concluded and more than five weeks after General Star informed Plaintiff that it would not stipulate to a new expert witness. (See Impellezzeri Decl., Ex. 6.)

Because the delay was not substantially justified, we must next determine whether Plaintiff has borne his burden to show

harmlessness. We find that he has not. As Defendant points out, permitting Plaintiff to designate a new expert "would allow the new expert to craft a report with the benefit of seeing the contentions of the opposing expert in advance." (Opp. at 9.) Additionally, granting Plaintiff's motion would require reopening expert discovery so that the new proposed expert can prepare an expert report and Defendant may depose him. The resulting postponement of trial would prejudice Defendant by delaying final resolution of the dispute, as well as burden the court.

As noted, Defendant offered Plaintiff a compromise whereby Plaintiff's rebuttal expert, Nedobity, would serve as his primary claims handling expert. (See Opp. at 8; Impellezzeri Decl., Ex 6.) Plaintiff rejects the compromise on the ground that Nedobity "does not have the same qualifications to testify to what Mr. Zalma would and, moreover, Mr. Nedobity mainly rebuts Defendant's expert on certain regulatory requirements." (Mot. at 7.) Defendant responds by asserting that, because Nedobity was designated as a rebuttal expert to General Star's claims handling expert and will offer his opinion on General Star's claims handling, it is incongruous for Plaintiff to now contend that Nedobity is not sufficiently qualified as an expert witness on claims handling. (Opp. at 8.) Moreover, Defendant asserts that multiple expert witnesses on the subject would be cumulative. (Id.) Having reviewed the contents of the expert witness disclosures for Zalma and Nedobity, we find that, although the overlap between the subject matter of their testimony is only partial, designating Nedobity to serve as Plaintiff's main claims handling expert does appear to be a workable solution in this circumstance.

## IV. Conclusion

For the forgoing reasons, Plaintiff's Motion for an Order Permitting Substitution of a New Expert is DENIED. However, the court will permit Plaintiff to have his timely designated rebuttal witness, Michael Nedobity, serve as his primary expert witness should he elect to do so.

IT IS SO ORDERED.

Dated: January 23, 2014

_____
HON. GEORGE H. KING
Chief United States District Judge
            for
HON. DEAN D. PREGERSON
United States District Judge