O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE NIJJAR,<br><br>        Plaintiff,<br><br>   v.<br><br>GENERAL STAR INDEMNITY COMPANY,<br><br>        Defendant.<br>_____ | Case No. CV 12-08148 DDP (JCGx)<br><br>**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[DKT No. 21.] |

    Before the Court is Defendant General Star Indemnity Company's ("General Star") Motion for Summary Judgement. (DKT No. 21.) The matter is fully briefed and suitable for adjudication without oral argument. Having considered the parties' submissions, we rule as follows.

**I. Background**

    In this action, Plaintiff Pete Nijjar ("Nijjar") asserts claims for breach of contract and bad faith arising from General Star's alleged failure to comply with its obligations under a property insurance policy issued by General Star to Nijjar Reality,

Inc. ("NRI"). (See First Amended Complaint ("FAC") ¶¶ 6-28; General Star's Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgement ("SUF").)[1]

NRI is a property management company. (SUF No. 2.) General Star, an insurance company, issued a commercial property insurance policy to NRI effective July 31, 2004 to July 31, 2005 (the "Policy"). (SUF No. 3.) The Policy covered, among numerous other properties, a commercial property located at 990 Ninth Street, Pomona, California, 91768, where a fire occurred on January 15, 2005. (Id. No. 5; FAC ¶ 7.) The claim concerns losses resulting from the fire. (FAC ¶¶ 6-11.)

Nijjar is not named as an insured or beneficiary under the Policy. (See SUF No. 4; FAC Ex. A) Nijjar asserts that he is one of two principals of NRI and that he, along with this brother, Mike Nijjar, owned and controlled all aspects of the company. (Declaration of Pete Nijjar in Support of Opposition ¶ 2.) Alleging in his FAC that NRI assigned the causes of action asserted here to him, Nijjar brought the instant claim on his own behalf. (FAC No. 2.) NRI is not a party to the suit.

**II.  Legal Standard**

**A.   Summary Judgement**

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no

---

[1] The facts drawn from the SUF cited here are not disputed by Nijjar. (See Plaintiff's Separate Statement of Controverted and Uncontroverted Facts. (DKT No. 23-3.))

2

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and other aspects of the record which it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). All reasonable inferences from the evidence must be drawn in favor of the nonmoving party. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 242 (1986).

Once the moving party meets its burden, the burden shifts to the nonmoving party opposing the motion, who must "set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 256. Summary judgment is warranted if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." <u>Anderson</u>, 477 U.S. at 248. There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

It is not the court's task "to scour the record in search of a genuine issue of triable fact." <u>Keenan v. Allan</u>, 91 F.3d 1275, 1278 (9th Cir. 1996). Counsel has an obligation to lay out their evidence clearly. <u>Carmen v. San Francisco Sch. Dist.</u>, 237 F.3d

1026, 1031 (9th Cir. 2001). The court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." Id.

**III. Discussion and Analysis**

**A.   Standing**

Before it may address the merits of Nijjar's claim, the Court must consider the threshold issue of standing.

General Star has challenged Nijjar's standing to bring the instant action. (See Mot. at 21.) As movant in this summary judgment motion, General Star bears the initial burden of informing the Court of the basis for its contention that no reasonable trier of fact could find facts on which Nijjar has standing to bring suit.

General Star easily meets this burden here. First, persons other than the insureds and beneficiaries, or those who have been validly assigned rights under an insurance policy, have no standing to sue for damages resulting from an insurer's withholding of policy benefits from an insured party. See C & H Foods Co. v. Hartford Ins. Co., 163 Cal.3d 1055, 1068 (Ct. App. 1984). General Star notes that Nijjar is not named an insured in the Policy; rather the only insured identified is NRI. (See Motion at 21; SUF No. 4.) Nor has Nijjar asserted that he is a beneficiary. Thus, unless Nijjar was validly assigned NRI's rights under the Policy, he has no standing to sue on behalf of himself under the Policy.

Second, General Star challenges Nijjar's contention, made with no elaboration in his FAC, that NRI assigned to him the causes of

4

action asserted here. (See Mot. at 21; FAC ¶ 2.) "An assignment, to be effective, must include manifestation to another person by the owner of his intention to transfer the right, without further action, to such other person or to a third person.... It is the substance and not the form of a transaction which determines whether an assignment was intended...." Recorded Picture Co. v. Nelson Entm't, Inc., 53 Cal.App.4th 350, 368 (Ct. App. 1997) (quoting McCown v. Spencer, 8 Cal.App.3d 216, 225 (Ct. App. 1970). "The burden of proving an assignment falls upon the party asserting rights thereunder. In an action by an assignee to enforce an assigned right, the evidence must not only be sufficient to establish the fact of assignment when that fact is in issue but the measure of sufficiency requires that the evidence of assignment be clear and positive to protect an obligor from any further claim by the primary obligee." Cockerell v. Title Ins. & Trust Co., 42 Cal.2d 284, 292 (1954) (internal citations omitted).

As General Star notes, the only evidence in the record indicating that an assignment might have taken place is Nijjar's deposition testimony to the effect that, at the end of 2005 or beginning of 2006, he reached a verbal agreement with his brother, Mike Nijjar, that Pete Nijjar would pursue the insurance claim. (Pete Nijjar Decl. at 84:16-85:2, at Declaration of Paul A. Impellezzeri ("PAI") Ex. 41 at 589-590.) Specifically, Nijjar testfied that his brother told him, "Go ahead. It's your property ... You have the right to proceed with it." (Id. 84:16-20.) Nijjar has offered no other evidence supporting his contention that NRI's rights under the Policy were assigned to him as an individual.

Assuming for the purposes of this Order that the conversation between Pete and Mike Nijjar took place as asserted and that Nijjar's deposition testimony regarding the conversation is admissible evidence, we conclude that the alleged statement by Mike Nijjar is not, as a matter of law, sufficient to demonstrate that an assignment took place. The statement is at best ambiguous as to whether it conveys an intent to assign rights under the Policy to Nijjar as an individual. Indeed, the statement is at least as easily understood to indicate that Mike Nijjar was simply acquiescing that his brother take the lead in pursuing the insurance claims against General Star on behalf of NRI. The statement does not constitute the sort of "clear and positive" evidence of an assignment that the law requires.[2] Cockerell, 42 Cal.2d at 292.

Because General Star has met its initial burden, the burden shifts to Nijjar to "set forth specific facts showing that there is a genuine issue for trial" as to the standing issue. Anderson, 477 U.S. at 256. In his opposition papers, Nijjar does not attempt to

---

[2] We conclude that the purported conversation is inadequate to constitute an assignment without need to consider other undisputed facts, pointed to by General Star, which further undermine the claim that Nijjar has been assigned the causes of action here. (See Mot. at 21.) These include the following: Nijjar has acknowledged that he did not give NRI compensation for the purported assignment. (SUF Nos. 82.) Nijjar did not notify General Star of the purported assignment of rights at any time prior to the filing of this action. (SUF Nos. 82, 84.) All insurance payments by General Star were made payable to NRI, not Nijjar, with no apparent objection by Nijjar. (Id. Nos. 29-31, 34, 37.) NRI was the party that participated in the appraisal process undertaken by the parties to resolve disputes concerning General Star's obligations under the Policy and the appraisal award was issued in NRI's favor, rather than Nijjar. (Id. No. 56.) Finally, following the award's issuance, objections were filed on behalf of NRI, not Nijjar. (Id. Nos. 45-47, 50, 53-54.)

defend the contention that he was assigned the causes of action asserted here; indeed, he makes no reference whatsoever to the purported assignment. Instead, Nijjar asserts that he has standing to pursue the instant claims because he has an ownership interest of 50% in NRI. (See Opp. at 18.)

This argument, too, is unavailing. Assuming for the purposes of this Order that Nijjar owned 50% of NRI, Nijjar does not explain how this would establish his individual standing to bring claims under the Policy. The shareholders of an insured company do not have standing to sue for damages resulting from the insurer's withholding of policy benefits from the insured company. See C & H Foods Co., 163 Cal.App.3d at 1068 (owners, respectively, of 50% of insured company, did not have standing to individually bring bad faith claim against insurer for denying benefits to insured company); Austero v. Nat'l Cas. Co., 62 Cal. App. 3d 511, 517 (Ct. App. 1976) ("Where no [contractual] relationship exists, no recovery for "bad faith" may be had."). Nijjar cites authority for the proposition that an insurable interest in a property is not necessarily tied to title of the property. (Id. (citing Riley v. Mid-Century Insurance Exchange, 118 Cal.App.3d 195 (1981)). However, as General Star points out, (Reply at 9), having an insurable interest in a property does not establish that one is an insured under an insurance policy covering the property; it only establishes that one could purchase insurance on the property. Fatal to his assertion of standing here, Nijjar has not offered sufficient evidence to create a triable issue that he is actually an insured or beneficiary or has been assigned rights under the Policy.

7

We may not, however, grant summary judgment for General Star at this juncture due to Nijjar's lack of standing. Federal Rule of Civil Procedure 17(a)(3) provides:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed.R.Civ.P. 17(a)(3). Here, the real party in interest is NRI. Thus, we must allow a reasonable time for NRI to ratify, join or be substituted into the action.

## IV. Conclusion

NRI shall have 21 days from the date of this Order to ratify, join or be substituted into the action. If this has not occurred, we will grant summary judgment against Nijjar for lack of standing as described above at that time. Any purported action by NRI, a corporation, shall fully comply with corporate law relating to any such action by the corporation. In addition, the trial dates are vacated and the Stipulation (DOCKET NUMBER 32) is vacated as moot.

IT IS SO ORDERED.

Dated: February 28, 2014

/s/

GEORGE H. KING
Chief United States District Judge
for
DEAN D. PREGERSON
United States District Judge

8