O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE NIJJAR, | Case No. CV 12-08148 DDP (JCGx) |
| Plaintiff, | **ORDER DENYING MOTION TO SUBSTITUTE PLAINTIFF** |
| v. | [DKT No. 21.] |
| GENERAL STAR INDEMNITY COMPANY, | |
| Defendant. | |

This matter is before us on Plaintiff Pete Nijjar ("Nijjar")'s Motion to Substitute Nijjar Realty, Inc. as Plaintiff for Pete Nijjar. (DKT No. 34.) The matter is fully briefed and suitable for decision without oral argument. Having considered the parties' submissions, we deny the Motion for the following reasons:

As explained in our February 28, 2014 Order, Nijjar filed the instant claim against General Star Indemnity Company ("General Star") asserting breach of contract and bad faith claims in relation to a property insurance policy issued by General Star to Nijjar Reality, Inc. ("NRI"). (See DKT No. 33.) General Star moved for summary judgment in part on the basis that Nijjar lacks standing to bring this action because he is neither an insured

under the policy, nor a valid assignee. (See DKT No. 21 at 21.) We agreed with General Star and concluded that Nijjar lacks standing to prosecute this action. (See DKT No. 33 at 4.)

In view of Fed.R.Civ.P. 17(a)(3), our February 28, 2014 Order provided that "NRI shall have 21 days from the date of this Order to ratify, join or be substituted into the action. If this has not occurred, we will grant summary judgment against Nijjar for lack of standing as described above at that time." (DKT No. 33 at 8.)

However, NRI has not ratified, joined or substituted into the action. Instead, the only motion before us is the instant Motion, filed on March 4, 2014, by Nijjar. (DKT No. 34.) The Motion is not sufficient to enable the case to proceed because there is no evidence that NRI authorized Nijjar to file the Motion on its behalf. The Motion itself does not purport to be filed on behalf, or with the consent, of NRI. It was filed by Nijjar, through his counsel who represent themselves to be counsel only for Nijjar, not NRI, and makes no reference to any authorization from NRI. (Id. at 3.) Nor has NRI through any other filings expressed its intent to be party to the litigation; indeed, NRI has yet to appear in any manner in this case. Absent any evidence that NRI wishes to pursue the claim, we cannot allow this case to proceed.[1]

Pursuant to our February 28, 2014 Order, NRI has until March 21, 2014, which is 21 days from the issuance of the Order, to ratify, join, or substitute into the action. (See DKT No. 33 at 8.)

---

[1] As we previously explained, (DKT No. 33 at 7), actions asserting the rights of a corporation must ordinarily be brought by the corporation itself and may not be brought by individual shareholders (even controlling shareholders). See, e.g., Shell Petroleum, N.V. v. Graves, 709 F.2d 593, 595 (9th Cir. 1983).

2

If NRI has not done so by then, the action will be dismissed for Nijjar's lack of standing at that time.

IT IS SO ORDERED.

Dated: 3/18/14

GEORGE H. KING
Chief United States District Judge
for
DEAN D. PREGERSON
United States District Judge

3