O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE NIJJAR,<br><br>          Plaintiff,<br><br>     v.<br><br>GENERAL STAR INDEMNITY COMPANY,<br><br>          Defendant. | Case No. CV 12-08148 DDP (JCGx)<br><br>**ORDER RE EX PARTE APPLICATION TO SUBSTITUTE**<br><br>[DKT No. 41.] |

   This matter comes before us on Nijjar Reality, Inc. ("NRI")'s Ex Parte Application for Substitution of Party. (DKT No. 41.) Defendant General Star Indemnity Company ("General Star") opposes the Application. (DKT No. 42.) The matter is suitable for decision without oral argument. Having considered the parties' submissions, we deny NRI's Ex Parte Application for the following reasons:

   Our February 28, 2014 Order provided as follows: "NRI [as the real party in interest to this action] shall have 21 days from the date of this Order to ratify, join or be substituted into the action. If this has not occurred, we will grant summary judgment against Nijjar for lack of standing as described above at that

time. Any purported action by NRI, a corporation, shall fully comply with corporate law relating to any such action by the corporation." (DKT No. 33 at 8.)

On March 19, 2014, NRI purportedly appeared and requested that it be substituted in as Plaintiff. (DKT No. 41.) The Application was accompanied by a Declaration of Mike Nijjar, who represents himself as "a principle [sic] and owner of NRI." (Declaration of Mike Nijjar in Support of Ex Parte Application ¶ 1.) Mike Nijjar asserts in the declaration that the counsel who filed the Application "is NRI's authorized counsel." (Id. ¶ 4.) He states further that "NRI hereby expresses its desire to pursue the Claims asserted in this case and is respectfully requesting to be substituted into this action as Plaintiff." (Id. ¶ 17.)

As a general matter, California law provides that "a corporation may sue upon authorization of its board of directors or upon the initiative of its president or managing officer." Anmaco, Inc. v. Bohlken, 13 Cal. App. 4th 891, 900 (1993) (quotation mark and citation omitted). However, the law is unsettled as to whether a president or managing officer has implied or inherent authority to file suit on the corporation's behalf, without authorization to do so in the corporation's bylaws or via resolution of the board of directors. See, e.g., id.; 9 Witkin, Summary of Cal. Law (10th ed. 2005) Corporations, § 109 (noting that "there is disagreement whether even the president has implied power to sue without board authorization or ratification").

Here, as General Star points out in its Opposition, Mike Nijjar does not make clear in his declaration that he is the president or managing officer of NRI. He asserts only that he is a

2

"principle" [sic]. Nor does he assert that NRI's board of directors or its corporate by-laws have authorized such action or pointed to evidence of such authorization. The Application is also not accompanied by any evidence that NRI is in good standing to be able to sue. Normally, we do not require such attestations or evidence when a corporation brings an action. However, there is a dispute as to the real party in interest, and given the history of this case, we require more than the bare assertions made in the instant Application to ensure that the case is properly before us.

NRI shall have 14 days from the date of this Order to submit documentation establishing that (1) in moving to have NRI substituted in as Plaintiff, Mike Nijjar is acting with authorization of NRI as provided in the company's bylaws or a resolution of its board of directors, and (2) NRI is in good standing to be able to sue. If NRI fails to timely and adequately show authorized action on its behalf as required by this Order, this Application will be denied, and this action will be dismissed for lack of standing by Pete Nijjar at the expiration of the 14 days.

IT IS SO ORDERED.

Dated: March 25, 2014

GEORGE H. KING
Chief United States District Judge
       for
DEAN D. PREGERSON
United States District Judge

3