1  **STEPHEN M. LOSH, ESQ. (S.B.N. 127508)**
2  **JOSEPH KHOSHLESAN, ESQ. (S.B.N. 274430)**
   **LOSH & KHOSHLESAN, LLP**
3  8889 West Olympic Blvd., Penthouse Suite
4  Beverly Hills, CA 90211
   Telephone: (310) 299-2283
5  Facsimile:   (310) 299-2286
6
7  Attorneys for Plaintiff Nijjar Realty Inc. and Pete Nijjar
8
9            **UNITED STATES DISTRICT COURT**
10    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
11
12  PETE NIJJAR                          )  Case No.: CV12-08148-DDP (JCGx)
                                         )
13            Plaintiffs,                )
                                         )  **DECLARATION OF DALJIT KLER IN**
14            v.                         )  **SUPPORT OF EX PARTE MOTION**
                                         )  **FOR SUBSTITUTION OF PARTY**
15  GENERAL STAR NATIONAL                )
    INSURANCE COMPANY AND                )
16  DOES 1 to 20, INCLUSIVE,             )  Judge: Hon. Dean D. Pregerson
                                         )
17                                       )
            Defendants.                  )
18                                       )
                                         )
19                                       )
                                         )
20                                       )
                                         )
21                                       )
                                         )
22  _____ )
23
24
25
26
27
28

**DECLARATION OF DALJIT KLER IN SUPPORT OF MOTION FOR SUBSTITUTION OF PARTY**

## DECLARATION OF DALJIT KLER

I, Daljit Kler, declare as follows:

    1.    This declaration is made pursuant to this Court's March 25, 2014 order granting NRI 14 days to submit supporting documentation to substitute into this action as a plaintiff.

    2.    I possess personal knowledge and understanding of the matter set forth herein, if called to testify, could and would competently testify thereto.

    3.    I am president of Nijjar Realty, Inc. ("NRI") and Mike Nijjar is a principle and owner.

    4.    In moving to have NRI substituted into this action, NRI is acting with authorization via a resolution of its board of directors **(Exhibit A)** and pursuant to NRI's bylaws.  **(Exhibit B)**

    5.    NRI is in good standing and able to pursue the prosecution of this suit. **(Exhibit C)**

    6.    Stephen M. Losh, Esq. is NRI's authorized counsel.

    7.    In this action, Pete Nijjar asserts claims for breach of contract and bad faith arising ("Claims") from Defendant General Star Indemnity Company's ("General Star") alleged failure to comply with its obligations under a property insurance policy issued to NRI.

    8.    Pete Nijjar was not named as an insured or beneficiary under the Policy.

9.     Pete Nijjar was an officer and shareholder of NRI in charge of the day-to-day responsibilities of NRI and the owner of the subject Property in this action.

10.     NRI assigned the causes of action asserted in this lawsuit to Pete Nijjar, thus Pete Nijjar brought the instant claims on his own behalf.

11.     After Pete Nijjar suffered a heart attack he retired from NRI.  The property at issue in this case was among the properties which was owned by Pete Nijjar and originally managed by NRI before Pete Nijjar's retirement.

12.     Neither Pete Nijjar nor NRI was seeking any tactical advantage or maneuvering whatsoever in the assignment to Pete Nijjar.

13.     In its Motion for Summary Judgment, General Star challenged Pete Nijjar's standing to bring this suit.

14.     On February 28, 2014, the Court ruled that Nijjar was not validly assigned NRI's rights under the Policy, and thus he has no standing to sue on behalf of himself under the Policy.

15.     As such, per Fed.R.Civ.P. 17(a)(3) this Court granted NRI 21 days from February 28, 2014 to ratify, join or be substituted into the action.

16.     With NRI's permission, on March 4, 2014, Pete Nijjar brought a motion to have NRI substituted into this action.

17.     On March 18, 2014, this Court ruled that the motion should have been filed by NRI.

18. General Star will not stipulate to NRI's substitution into this action as a plaintiff.

19. Pursuant to this Court's March 25, 2014 order, NRI is submitting documentation establishing that NRI hereby expresses its desire to pursue the Claims asserted in this case and is respectfully requesting to be substituted into this action as a plaintiff.

I certify and declare that I have read the foregoing declaration and know its contents. I am informed and believe, and on that ground allege, that the matters stated in this declaration are true.

I declare under penalty of perjury under the laws of the United States of Americ and the State of California that the foregoing is true and correct.

Dated: April __|__ , 2014

Daljit Kler, Declarant
On behalf of NRI

---

**DECLARATION OF DALJIT KLER IN SUPPORT OF MOTION FOR SUBSTITUTION OF PARTY**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

DECLARATION OF EVERET MILLER IN SUPPORT OF MOTION FOR SUBSTITUTION OF PARTY

**CORPORATE RESOLUTION**
**AUTHORIZING NIJJAR REALTY, INC.'S**
**SUBSTITUTION AS PLAINTIFF INTO _Nijjar v. General Star Indemnity Co.,_ CV 12-08148 DDP (JCG**

I, DALJIT KLER, President of NIJJAR REALTY, INC. ("Corporation"), organized and existing under the laws of the State of California and having its principal place of business at 4900 Santa Anita Ave., Ste. 2C, El Monte, CA 91731, hereby certify that the following is a true copy of a resolution adopted by the Board of Directors of the Corporation at a meeting convened and held on Monday, March 31, 2014 at which a quorum was present and voting throughout and that s resolution is now in full force and effect and is in accordance with the provisions of the charter and by-laws of the Corporation.

RESOLVED:  That the Corporation approves being substituted in as plaintiff into the matter of _Nijja General Star Indemnity Co.,_ CV 12-08148 DDP (JCGx) to pursue the Claims asserted in that case;

RESOLVED: That the President of the Corporation is hereby authorized to sign on behalf of the Corporation any documents in support thereof;

RESOLVED FURTHER: That attorney Stephen M. Losh, Esq. is hereby authorized and directed to certify to any interested party that this resolution has been duly adopted, is in full force and effect, an in accordance with the provisions of the charter and by-laws of the Corporation.

I further certify that this Corporation is duly organized and existing, and has the power to take the action call for by the foregoing resolution.

DIRECTORS

_____          3/31/14
Everet Miller, Chairman                              Date

_____          3/31/14
Daljit Kler, President                                   Date

Witness my hand seal of this corporation on this ___3 1___ day of ___March___, ___14___.
                                                                     (month)            (year)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

DECLARATION OF EVERET MILLER IN SUPPORT OF MOTION FOR SUBSTITUTION OF PARTY

882290

ENDORSED
FILED
In the office of the Secretary of State
of the State of California

JAN 24 1979

MARCH FONG EU, Secretary of State

By BILL HOLDEN
Deputy

ARTICLES OF INCORPORATION

OF

NIJJAR REALTY INC.

882290

### ARTICLE ONE: NAME

The name of this corporation shall be NIJJAR REALTY INC.

### ARTICLE TWO: PURPOSE

The purpose of this corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California other than the banking business, the trust company business or the practice of a profession permitted to be incorporated by the California Corporations Code.

### ARTICLE THREE: INITIAL AGENT

The name and address in the State of California of this corporation's initial agent for service of process is: Satinderjit Chadha, 4900 Santa Anita Avenue, Suite 2B, El Monte, California 91731.

### ARTICLE FOUR: CAPITAL STOCK

This corporation is authorized to issue only one class of shares of stock and the total number of shares which this corporation is authorized to issue is 50,000.

DATED: January 22, 1979.

_Michael J. Hemming_
MICHAEL J. HEMMING
Incorporator

I hereby declare that I am the person who executed the foregoing Articles of Incorporation which execution is my act and deed.

_Michael J. Hemming_
MICHAEL J. HEMMING

**This page is part of your document - DO NOT DISCARD**



# 20090694469



**Pages:**
**0002**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**05/12/09 AT 09:35AM**

| | |
|---|---:|
| FEES: | 18.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 18.00 |



**L E A D S H E E T**



**200905120510002**

**00000506132**



**002100279**

**SEQ:**
**01**

**DAR - Mail (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**

YOUR RETURN MAILING ADDRESS

NAME: PAMA MANAGEMENT COMPANY C/O NIJJAR REALTY INC.

ADDRESS: 4900 SANTA ANITA AVE SUITE #2C

CITY: EL MONTE

STATE: CA          ZIP CODE: 91731

LOS ANGELES REGISTRAR-RECORDER/COUNTY CLERK

05/12/2009



*20090694469*

# FICTITIOUS BUSINESS NAME STATEMENT

### TYPE OF FILING AND FILING FEE (Check one)

☐ Original - $23.00 (FOR ORIGINAL FILING WITH ONE BUSINESS NAME ON STATEMENT)  ☐ New - Filings - $23.00 -

☐ Refile - $18.00 (NO CHANGES IN THE FACTS FROM ORIGINAL FILING)          (CHANGES IN FACTS FROM ORIGINAL FILING REQUIRES PUBLICATION)

$4.00 - FOR EACH ADDITIONAL BUSINESS NAME FILED ON SAME STATEMENT, DOING BUSINESS AT THE SAME LOCATION $4.00 - FOR EACH ADDITIONAL OWNER IN EXCESS OF ONE OWNER

### The following person(s) is (are) doing business as:

**\*1.** PAMA MANAGEMENT COMPANY          2.

Print Fictitious Business Name(s)

**\*\*** 4900 SANTA ANITA AVE SUITE 2C

Street address of principal place of business          Mailing address if different

EL MONTE          CA          91731          LOS ANGELES

City          State          Zip          COUNTY          City          State          Zip

Articles of Incorporation or Organization Number (if applicable): AI #ON 882290

**\*\*\*** REGISTERED OWNER(S):

1. NIJJAR REALTY INC.          2.

Full Name/Corp/LLC          Full Name/Corp/LLC

4900 SANTA ANITA AVE SUITE 2C

Residence Address (P.O. Box not accepted)          Residence Address (P.O. Box not accepted)

EL MONTE          CA          91731

City          State          Zip          City          State          Zip

CALIFORNIA

If Corporation or LLC – Print State of Incorporation/Organization          If Corporation or LLC – Print State of Incorporation/Organization

3.          4.

Full Name/Corp/LLC          Full Name/Corp/LLC

Residence Address (P.O. Box not accepted)          Residence Address (P.O. Box not accepted)

City          State          Zip          City          State          Zip

If Corporation or LLC – Print State of Incorporation/Organization          If Corporation or LLC – Print State of Incorporation/Organization

IF MORE THAN FOUR REGISTRANTS, ATTACH ADDITIONAL SHEET SHOWING OWNER INFORMATION

**\*\*\*\*** THIS BUSINESS IS CONDUCTED BY: (Check one)

☐ an Individual.          ☐ a General Partnership          ☐ a Limited Partnership          ☐ a Limited Liability Company

☐ an Unincorporated Association other than a Partnership          ☒ a Corporation          ☐ a Trust          ☐ Copartners

☐ Husband and Wife          ☐ Joint Venture          ☐ State or Local Registered Domestic Partners          ☐ a Limited Liability Partnership

**\*\*\*\*\*** The registrant commenced to transact business under the fictitious business name or names listed above on 06/17/2004

(Insert N/A above if you haven't started to transact business)

### I declare that all information in this statement is true and correct.

(A registrant who declares as true information which he or she knows to be false is guilty of a crime.)

REGISTRANTS/CORP/LLC NAME (PRINT) NIJJAR REALTY INC.          TITLE CFO

REGISTRANT SIGNATURE _Evere Miller_          IF CORP OR LLC, PRINT NAME Everet Miller

If corporation, also print corporate title of officer.  If LLC, also print title of officer or manager.

This statement was filed with the County Clerk of LOS ANGELES on the date indicated by the filed stamp in the upper right corner.

NOTICE – IN ACCORDANCE WITH SUBDIVISION (a) OF SECTION 17920, A FICTITIOUS NAME STATEMENT GENERALLY EXPIRES AT THE END OF FIVE YEARS FROM THE DATE ON WHICH IT WAS FILED IN THE OFFICE OF THE COUNTY CLERK, EXCEPT, AS PROVIDED IN SUBDIVISION (b) OF SECTION 17920, WHERE IT EXPIRES 40 DAYS AFTER ANY CHANGE IN THE FACTS SET FORTH IN THE STATEMENT PURSUANT TO SECTION 17913 OTHER THAN A CHANGE IN THE RESIDENCE ADDRESS OF A REGISTERED OWNER. A NEW FICTITIOUS BUSINESS NAME STATEMENT MUST BE FILED BEFORE THE EXPIRATION.

THE FILING OF THIS STATEMENT DOES NOT OF ITSELF AUTHORIZE THE USE IN THIS STATE OF A FICTITIOUS BUSINESS NAME IN VIOLATION OF THE RIGHTS OF ANOTHER UNDER FEDERAL, STATE, OR COMMON LAW (SEE SECTION 14411 ET SEQ., BUSINESS AND PROFESSIONS CODE).

*I HEREBY CERTIFY THAT THIS COPY IS A CORRECT COPY OF THE ORIGINAL STATEMENT ON FILE IN MY OFFICE.*

DEAN C. LOGAN, LOS ANGELES COUNTY CLERK          BY: Everet Miller          , Deputy

Rev. 01/01/08          P.O. BOX 53582, LOS ANGELES, CA 90053-0592          PH: (562) 462-2177          WEB ADDRESS: LAVOTE..NET

# BYLAWS
## OF

## NIJJAR REALTY, INC.
### a California corporation

## ARTICLE I
## OFFICES

**Section 1. PRINCIPAL OFFICE.** The principal office for the transaction of business of the corporation is hereby fixed and located at 4900 Santa Anita Avenue, Suite 2C, El Monte, California 91731, County of Los Angeles, State of California. The location may be changed, and additional offices may be established and maintained at such other place or places, either within or without California, as the Board of Directors may from time to time designate.

**Section 2. OTHER OFFICES.** Branch or subordinate offices may at any time be established by the Board of Directors at any place or places where the corporation is qualified to do business.

## ARTICLE II
## DIRECTORS - MANAGEMENT

**Section 1. RESPONSIBILITY OF BOARD OF DIRECTORS.** Subject to the provisions of the California Corporations Code (hereinafter "Code") and to any limitations in the Articles of Incorporation of the corporation relating to action required to be approved by the shareholders, as that term is defined in Section 152 of the Code, the business and affairs of the corporation shall be managed and all corporate powers shall be exercised by or under the direction of the Board of Directors. The Board may delegate the management of the day-to-day operation of the business of the corporation to a management company or other person, provided that the business and affairs of the corporation shall be managed and all corporate powers shall be exercised under the ultimate direction of the Board.

**Section 2. STANDARD OF CARE.** Each Director shall perform the duties of a Director, including the duties as a member of any committee of the Board upon which the Director may serve, in good faith, in a manner such Director believes to be in the best interests of the corporation, and with such care, including reasonable inquiry, as an ordinary prudent person in a like position would use under similar circumstances and as otherwise required by Section 309 of the Code.

**Section 3. EXCEPTION FOR CLOSE CORPORATION.** Notwithstanding the provision of Section 1 of this Article II, in the event that this corporation shall elect to become a close corporation as defined in Section 186 of the Code, its shareholders may enter into a shareholders' Agreement as provided in Section 300(b) of the Code. Said agreement may provide

- 1 -

for the exercise of corporate powers and the management of the business and affairs of this corporation by the shareholders, provided, however, such agreement shall, to the extent and so long as the discretion or the powers of the Board in its management of corporate affairs is controlled by such agreement, impose upon each shareholder who is a party thereof, liability for managerial acts performed or omitted by such person pursuant thereto otherwise imposed upon Directors as provided in Section 300 of the Code (d).

**Section 4.   NUMBER AND QUALIFICATION OF DIRECTORS.** The authorized number of Directors shall be **THREE** until changed by a duly adopted amendment to the Articles of Incorporation or by an amendment to this bylaw adopted by the vote or written consent of holders of a majority of the outstanding shares entitled to vote, as provided in Section 212 of the Code.

**Section 5. ELECTION AND TERM OF OFFICE OF DIRECTORS.** Directors shall be elected at each annual meeting of the shareholders to hold office until the next annual meeting. Each Director, including a Director elected to fill a vacancy, shall hold office until the expiration of the term for which elected and until a successor has been elected and qualified.

**Section 6. VACANCIES.** Vacancies in the Board of Directors may be filled by a majority of the remaining Directors, though less than a quorum, or by a sole remaining Director, except that a vacancy created by the removal of a Director by the vote or written consent of the shareholders or by court order may be filled only by the vote of a majority of the shares entitled to vote represented at a duly held meeting at which a quorum is present, or by the written consent of holders of a majority of the outstanding shares entitled to vote. Each Director so elected shall hold office until the next annual meeting of the shareholders and until a successor has been elected and qualified.

A vacancy or vacancies in the Board of Directors shall be deemed to exist in the event of the death, resignation, or removal of any Director, or if the Board of Directors by resolution declares vacant the office of a Director who has been declared of unsound mind by an order of court or convicted of a felony, or if the authorized number of Directors is increased, or if the shareholders fail, at any meeting of shareholders at which any Director or Directors are elected, to elect the number of Directors to be voted for at that meeting.

The shareholders may elect a Director or Directors at any time to fill any vacancy or vacancies not filled by the Directors, but any such election by written consent shall require the consent of a majority of the outstanding shares entitled to vote.

Any Director may resign effective on giving written notice to the Chairman of the Board, the President the Secretary, or the Board of Directors, unless the notice specified a later time for that resignation to become effective. If the resignation of a Director is effective at a future time, the Board of Directors may elect a successor to take office when the resignation becomes effective.

No reduction of the authorized number of Directors shall have the effect of removing any Director before that Director's term of office expires.

**Section 7. REMOVAL OF DIRECTORS.** The entire Board of Directors or any individual Director may be removed from office as provided by Sections 302, 303 and 304 of the Code. In such case, the remaining Board members may elect a successor Director to fill such vacancy for the remaining unexpired term of the Director so removed.

**Section 8. NOTICE, PLACE AND MANNER OF MEETINGS.** Meetings of the Board of Directors may be called by the Chairman of the Board, or the President, or any vice President, or the Secretary, or any Director and shall be held at the principal executive office of the corporation, unless some other place is designated in the notice of the meeting. Members of the Board may participate in a meeting through use of a conference telephone or similar communications equipment so long as all members participating in such a meeting can hear one another. Accurate minutes of any meeting of the Board of any committee thereof, shall be maintained as required by Section 312 of the Code by the Secretary or other officer designated for that purpose.

**Section 9. ANNUAL ORGANIZATION MEETINGS.** The annual organization meetings of the Board of Directors shall be held immediately following the adjournment of the annual meetings of the shareholders. No notice is required to be given of such annual organization meeting.

**Section 10. OTHER REGULAR MEETINGS.** Regular meetings of the Board of Directors shall be held at the corporate offices, or such other place as may be designated by a duly adopted resolution of the Board of Directors. No notice need be given of such regular meetings.

**Section 11. SPECIAL MEETINGS - NOTICES - WAIVERS.** Special meetings of the Board may be called at any time by the President or, if he or she is absent or unable or refuses to act, by any Vice President or the Secretary or by any one (1) Director.

At least forty-eight (48) hours notice of the time and place of special meetings shall be delivered personally to the Directors or personally communicated to them by a corporate officer by telephone or telegraph. If the notice is sent to a Director by letter, it shall be addressed to him or her at his or her address as it is shown upon the records of the corporation, or if it is not so shown on such records or is not readily ascertainable, at the place in which the meetings of the Directors are regularly held. In case such notice is mailed, it shall be deposited in the United States mail, postage prepaid, in the place in which the principal executive office of the corporation is located at least four (4) days prior to the time of the holding of the meeting. Such mailing, telegraphing, telephoning or delivery as above provided shall be due, legal and personal notice to such Director.

When all of the Directors are present at any Directors' meeting, however called or noticed, and either (i) sign a written consent thereto on the records of such meeting, or, (ii) if a majority of the Directors are present and if those not present sign a waiver of notice of such meeting or a consent to holding the meeting or an approval of the minutes thereof, whether prior to or after the approval shall be filed with the Secretary of the corporation or, (iii) if a Director attends a meeting without notice but without protesting, prior thereto or at its commencement, the lack of notice, then the transactions thereof are as valid as if had at a meeting regularly called and noticed.

**Section 12.   SOLE DIRECTOR PROVIDED BY ARTICLES OF INCORPORATION OR BYLAWS.**  In the event only one (1) Director is required by the Bylaws or Articles of Incorporation, then any reference herein to notices, waivers, consents, meetings or other actions by a majority or quorum of the Directors shall be deemed to refer to such notice, waiver, etc., by such sole Director, who shall have all the rights and duties and shall be entitled to exercise all of the powers and shall assume all the responsibilities otherwise herein described as given to a Board of Directors.

**Section 13.   DIRECTORS ACTION BY UNANIMOUS WRITTEN CONSENT.**  Any action required or permitted to be taken by the Board of Directors may be taken without a meeting and with the same force and effect as if taken by a unanimous vote of Directors, if authorized by a writing signed individually or collectively by all members of the Board.  Such consent shall be filed with the regular minutes of the Board.

**Section 14.  QUORUM.**  A majority of the number of Directors as fixed by the Articles of Incorporation or Bylaws shall be necessary to constitute a quorum for the transaction of business, and the action of a majority of the Directors present at any meeting at which there is a quorum, when duly assembled, is valid as a corporate act; provided that a minority of the Directors, in the absence of a quorum, may adjourn from time to time, but may not transact any business.  A meeting at which a quorum is initially present may continue to transact business, notwithstanding the withdrawal of Directors, if any action taken is approved by a majority of the required quorum for such meeting.

**Section 15.  NOTICE OF ADJOURNMENT.**  Notice of the time and place of holding an adjourned meeting need not be given to absent Directors if the time and place be fixed at the meeting adjourned and held within twenty-four (24) hours, but if adjourned more than twenty-four (24) hours, notice shall be given to all Directors not present at the time of the adjournment.

**Section 16.  COMPENSATION OF DIRECTORS.**  Directors, as such, shall not receive any stated salary for their services, but by resolution of the Board a fixed sum and expense of attendance, if any, may be allowed for attendance at each regular and special meeting of the Board; provided that nothing herein contained shall be construed to preclude any Director from serving the corporation in any other capacity and receiving compensation therefor.

**Section 17.  COMMITTEES.**  Committees of the Board may be appointed by resolution passed by a majority of the whole Board.  Committees shall be composed of two (2) or more members of the Board, and shall have such powers of the Board as may be expressly delegated to it by resolution of the Board of Directors, except those powers expressly made non-delegable by Section 311 of the Code.

**Section 18.  ADVISORY DIRECTORS.**  The Board of Directors from time to time may elect one or more persons to be Advisory Directors who shall not by such appointment be members of the Board of Directors.  Advisory Directors shall be available from time to time to perform special assignments specified by the President, to attend meetings of the Board of Directors upon invitation and to furnish consultation to the Board.  The period during which the title shall be

-4-

held may be prescribed by the Board of Directors. If no period is prescribed, the title shall be held at the pleasure of the Board.

      **Section 19. RESIGNATIONS.** Any Director may resign effective upon giving written notice to the Chairman of the Board, the President, the Secretary or the Board of Directors of the corporation, unless the notice specifies a later time for the effectiveness of such resignation. If the resignation is effective at a future time, a successor may be elected to take office when the resignation becomes effective.

**ARTICLE III**
**OFFICERS**

      **Section 1. OFFICERS.** The officers of the corporation shall be a President, a Secretary, and a Chief Financial Officer. The corporation may also have, at the discretion of the Board of Directors, a Chairman of the Board, one or more Vice Presidents, one or more Assistant Secretaries, one or more Assistant Treasurers, and such other officers as may be appointed in accordance with the provisions of Section 3 of this Article III. Any number of offices may be held by the same person.

      **Section 2. ELECTION.** The officers of the corporation, except such officers as may be appointed in accordance with the provisions of Section 3 or Section 5 of this Article III, shall be chosen annually by the Board of Directors, and each shall hold office until he or she shall resign or shall be removed or otherwise disqualified to serve, or a successor shall be elected and qualified.

      **Section 3. SUBORDINATE OFFICERS, ETC.** The Board of Directors may appoint such other officers as the business of the corporation may require, each of whom shall hold office for such period, have such authority and perform such duties as are provided in the Bylaws or as the Board of Directors may from time to time determine.

      **Section 4. REMOVAL AND RESIGNATION OF OFFICERS.** Subject to the rights, if any, of an officer under any contract of employment, any officer may be removed, either with or without cause, by the Board of Directors, at any regular or special meeting of the Board, or, except in case of an officer chosen by the Board of Directors, by any officer upon whom such power of removal may be conferred by the Board of Directors.

      Any officer may resign at any item by giving written notice to the corporation. Any resignation shall take effect at the date of the receipt of that notice or at any later time specified in that notice; and, unless otherwise specified in that notice, the acceptance of the resignation shall not be necessary to make it effective. Any resignation is without prejudice to the rights, if any, of the corporation under any contract to which the officer is a party.

      **Section 5. VACANCIES.** A vacancy in any office because of death, resignation, removal, disqualification or any other cause shall be filled in the manner prescribed in the Bylaws for regular appointments to that office.

- 5 -

**Section 6.  CHAIRMAN OF THE BOARD.**  The Chairman of the Board, if such an officer be elected, shall, if present, preside at meetings of the Board of Directors and exercise and perform such other powers and duties as may be from time to time be assigned by the Board of Directors or prescribed by the Bylaws.  If there is no President, the Chairman of the Board shall in addition be the Chief Executive officer of the corporation and shall have the powers and duties prescribed in Section 7 of this Article III.

**Section 7.  PRESIDENT.**  Subject to such supervisory powers, if any, as may be given by the Board of Directors to the Chairman of the Board, if there be such an officer, the President shall be the Chief Executive officer of the corporation and shall, subject to the control of the Board of Directors, have general supervision, direction and control of the business and officers of the corporation. He or she shall preside at all meetings of the shareholders and in the absence of the Chairman of the Board, or if there be none, at all meetings of the Board of Directors.  The President shall be ex officio a member of all the standing committees, including the Executive Committee, if any, and shall have the general powers and duties of management usually vested in the office of President of a corporation, and shall have such other powers and duties as may be prescribed by the Board of Directors or the Bylaws.

**Section 8.  VICE PRESIDENT.**  In the absence or disability of the President, the Vice Presidents, if any, in order of their rank as fixed by the Board of Directors, or if not ranked, the Vice President designated by the Board of Directors, shall perform all the duties of the President, and when so acting shall have all the powers of, and be subject to, all the restrictions upon, the President.  The Vice Presidents shall have such other powers and perform such other duties as from time to time may be prescribed for them respectively by the Board of Directors or the Bylaws.

**Section 9.  SECRETARY.**  The Secretary shall keep, or cause to be kept, a book of minutes at the principal office or such other place as the Board of Directors may order, of all meetings of Directors and shareholders, with the time and place of holding, whether regular or special, and if special, how authorized, the notice thereof given, the names of those present at Directors' meetings, the number of shares present or represented at shareholders' meetings and the proceedings thereof.

The Secretary shall keep, or cause to be kept, at the principal office or at the office of the corporation's transfer agent, a share register, or duplicate share register, showing the names of the shareholders and their addresses; the number and classes of shares held by each; the number and date of certificates issued for the same; and the number and date of cancellation of every certificate surrendered for cancellation.

The Secretary shall give, or cause to be given, notice of all the meetings of the shareholders and of the Board of Directors required by the Bylaws or by law to be given. He or she shall keep the seal of the corporation in safe custody, and shall have such other powers and perform such other duties as may be prescribed by the Board of Directors or by the Bylaws.

**Section 10.  CHIEF FINANCIAL OFFICER.**  The Chief Financial Officer shall keep and maintain, or cause to be kept and maintained in accordance with the corporation's established accounting principles, adequate and correct accounts of the properties and business

-6-

transactions of the corporation, including accounts of its assets, liabilities, receipts, disbursements, gains, losses, capital, earnings (or surplus) and shares. The books of account shall at all reasonable times be open to inspection by any Director.

The Chief Financial Officer shall deposit all moneys and other valuables in the name and to the credit of the corporation with such depositaries as may be designated by the Board of Directors. He or she shall disburse the funds of the corporation as may be ordered by the Board of Directors, shall render to the President and Directors, whenever they request it, an account of all of his or her transactions and of the financial condition of the corporation, and shall have such other powers and perform such other duties as may be prescribed by the Board of Directors or the Bylaws.

## ARTICLE IV
## SHAREHOLDERS' MEETINGS

**Section 1.  PLACE OF MEETINGS.**  All meetings of the shareholders shall be held at the principal executive office of the corporation unless some other appropriate and convenient location be designated for that purpose from time to time by the Board of Directors.

**Section 2.  ANNUAL MEETINGS.**  The annual meetings of the shareholders shall be held, each year, at the time and on the day following:

> Time of Meeting:  9:00 a.m.
> Date of Meeting:  Second Tuesday in July

If this day be a legal holiday, then the meeting shall be held on the next succeeding business day, at the same hour.  At the annual meeting, the shareholders shall elect a Board of Directors, consider reports of the affairs of the corporation and transact such other business as may be properly brought before the meeting.

**Section 3.  SPECIAL MEETINGS.**  Special meetings of the shareholders may be called at any time by the Board of Directors, the Chairman of the Board, the President, a Vice President, the Secretary, or by one or more shareholders holding not less than one-tenth (1/10) of the voting power of the corporation.  Except as next provided, notice shall be given as for the annual meeting.

Upon receipt of a written request addressed to the Chairman, President, Vice President, or Secretary, mailed or delivered personally to such officer by any person (other than the Board) entitled to call a special meeting of shareholders, such officer shall cause notice to be given, to the shareholders entitled to vote, that a meeting will be held at a time requested by the person or persons calling the meeting, not less than thirty-five (35) nor more than sixty (60) days after the receipt of such request.  If such notice is not given within twenty (20) days after receipt of such request, the persons calling the meeting may give notice either in the manner provided by these Bylaws or apply to the Superior Court as provided in Section 305(c) of the Code.

**Section 4.   NOTICE OF MEETINGS - REPORTS.**  Notice of meetings, annual or special, shall be given in writing not less than ten (10) nor more than sixty (60) days before the date of the meeting to shareholders entitled to vote thereat.  Such notice shall be given by the Secretary or the Assistant Secretary, or if there be no such officer, or in the case of his or her neglect or refusal, by any Director or shareholder.

Such notices or any reports shall be given personally or by mail or other means of written communication as provided in Section 601 of the Code and shall be sent to the shareholder's address appearing on the books of the corporation, or supplied by him or her to the corporation for the purpose of notice, and in the absence thereof, as provided in Section 601 of the Code.

Notice of any meeting of shareholders shall specify the place, the day and the hour of meeting, and (1) in case of a special meeting, the general nature of the business to be transacted and no other business may be transacted, or (2) in the case of an annual meeting, those matters which the Board at date of mailing, intends to present for action by the shareholders.  At any meetings where Directors are to be elected, the notice shall include the names of the nominees, if any, intended at the date of such notice to be presented by management for election.

If a shareholder supplies no address, notice shall be deemed to have given if mailed to the place where the principal executive office of the corporation, in California, is situated, or published at least once in some newspaper of general circulation in the County of said principal office.

Notice shall be deemed given at the time it is delivered personally or deposited in the mail or sent by other means of written communication.  The officer giving such notice or report shall prepare and file an affidavit or declaration thereof.

When a meeting is adjourned for forty-five (45) days or more, notice of the adjourned meeting shall be given as in case of an original meeting.  Save, as aforesaid, it shall not be necessary to give any notice of adjournment or of the business to be transacted at an adjourned meeting other than by announcement at the meeting at which such adjournment is taken.

**Section 5.   WAIVER OF NOTICE OR CONSENT BY ABSENT SHAREHOLDERS.**  The transactions of any meeting of shareholders, however called and noticed, shall be valid as though had at a meeting duly held after regular call and notice, if a quorum be present either in person or by proxy, and if, either before or after the meeting, each of the shareholders entitled to vote, not present in person or by proxy, sign a written waiver of notice, or a consent to the holding of such meeting or an approval of the minutes thereof.  All such waivers, consents or approvals shall be filed with the corporate records or made a part of the minutes of the meeting.  Attendance shall constitute a waiver of notice, unless objection shall be made as provided in Section 601(e) of the Code.

**Section 6.   SHAREHOLDER ACTION BY WRITTEN CONSENT WITHOUT A MEETING.**  Any action which may be taken at any annual or special meeting of shareholders may be taken without a meeting and without prior notice, if a consent in writing, setting forth the action so taken, is signed by the holders of outstanding shares having not less than

- 8 -

the minimum number of votes that would be necessary to authorize of take that action at a meeting at which all shares entitled to vote on that action were present and voted.

Directors may be elected by written consent without a meeting only if the written consents of the holders of all outstanding shares entitled to vote are obtained, except a vacancy in the Board (other than a vacancy created by removal of a director) not filled by the Board may be filled by the written consent of the holders of a majority of the outstanding shares entitled to vote.

All such consents shall be filed with the Secretary of the corporation and shall be maintained in the corporate records. Any shareholder giving a written consent, or the shareholder's proxy holder, or a transferee of the shares or a personal representative of the shareholder or their respective proxy holders, may revoke the consent by a writing received by the Secretary of the corporation before written consents of the number of shares required to authorize the proposed action have been filed with the Secretary.

If the consents of all shareholders entitled to vote have not been solicited in writing, and if the unanimous written consent of all such shareholders shall not have been received, the Secretary shall give prompt notice of the corporate action approved by the shareholders without a meeting. This notice shall be given in the manner specified in Section 4 of the Article IV. In the case of approval of (i) contracts or transactions in which a director has direct or indirect financial interest under Section 310 of the code, (ii) indemnification of agents of the corporation under Section 317 of the Code, (iii) a reorganization of the corporation under Section 1201 of the Code, or (iv) a distribution in dissolution other than in accordance with the rights of outstanding preferred shares under Section 20076 of the Code, notice of such approval shall be given  at least ten (10) before the consummation of any action authorized by that approval.

**Section 7.  QUORUM.**  The holders of a majority of the shares entitled to vote thereat, present in person, or represented by proxy, shall constitute a quorum at all meetings of the shareholders for the transaction of business except as otherwise provided by law, by the Articles of Incorporation, or by these Bylaws. If, however, such majority shall not be present or represented at any meeting of the shareholders, the shareholders entitled to vote thereat, present in person, or by proxy, shall have the power to adjourn the meeting from time to time, until the requisite amount of voting shares shall be present. At such adjourned meeting at which the requisite amount of voting shares shall be represented, any business may be transacted which might have been transacted at a meeting as originally notified.

If a quorum be initially present, the shareholder may continue to transact business until adjournment, notwithstanding the withdrawal of enough shareholders to leave less than a quorum, if any action taken is approved by a majority of the shareholders required to initially constitute a quorum.

**Section 8.  VOTING - RECORD DATE.**  Only persons in whose names shares entitled to vote stand on the stock records of the corporation on the day of any meeting of shareholders, unless some other day be fixed by the Board of Directors for the determination of shareholders of record, and then on such other day, shall be entitled to vote at such meeting.

Provided the candidate's name has been placed in the nomination prior to the voting and at least one shareholder has given notice at the meeting prior to the voting of the shareholder's intent to cumulate the shareholder's votes, every shareholder entitled to vote at any election for Directors of any corporation for profit may cumulate their votes and give one candidate a number of votes equal to the number of votes to which his or her shares are entitled, or distribute his or her votes on the same principle among as many candidates as he or she may designate.

The candidates receiving the highest number of votes up to the number of Directors to be elected shall be elected.

The Board of Directors may fix a time in the future not exceeding thirty (30) days preceding the date of any meeting of shareholders or the date fixed for the payment of any dividend or distribution, or for the allotment of rights, or when any change or conversion or exchange of shares shall go into effect, as a record date for the determination of the shareholders entitled to notice of and to vote at any such meeting, or entitled to receive any such dividend or distribution, or any allotment of rights, or to exercise the rights in respect to any such change, conversion or exchange of shares. In such case only shareholders of record on the date so fixed shall be entitled to notice of and to vote at such meeting, or to receive such dividends, distribution or allotment of rights, or to exercise such rights, as the case may, be notwithstanding any transfer of any share on the books of the corporation after any record date fixed as aforesaid. The Board of Directors may close the books of the corporation against transfers of shares during the whole or any part of such period.

Section 9.  PROXIES.  Every shareholder entitled to vote, or to execute consents, may do so, either in person or by written proxy, executed in accordance with the provisions of Sections 604 and 705 of the Code and filed with the Secretary of the corporation.

Section 10.  ORGANIZATION.  The President, or in the absence of the President, any Vice President, shall call the meeting of the shareholders to order, and shall act as chairman of the meeting.  In the absence of the President and all of the Vice Presidents, shareholders shall appoint a chairman for such meeting. The Secretary of the corporation shall act as Secretary of all meetings of the shareholders, but in the absence of the Secretary at any meeting of the shareholders, the presiding officer may appoint any person to act as Secretary of the meeting.

Section 11.  INSPECTORS OF ELECTION.  In advance of any meeting of shareholders the Board of Directors may, if they so elect, appoint inspectors of election to act at such meeting or any adjournment thereof.  If inspectors of election be not so appointed, or if any persons so appointed fail to appear or refuse to act, the chairman of any such meeting may, and on the request of any shareholder or his or her proxy shall, make such appointment at the meeting in which case the number of inspectors shall be either one (1) of three (3) as determined by a majority of the shareholders represented at the meeting.

Section   12.    SHAREHOLDER'S   AGREEMENTS   AND   EFFECT. Notwithstanding the above provisions, in the event this corporation elects to become a close corporation, any agreement between two (2) or more shareholders thereof, may provide that in exercising any voting rights the shares held by them shall be voted as provided therein or in Section

- 10 -

706 of the Code, and may otherwise modify these provisions as to shareholders' meetings and actions. Such shareholders' Agreement authorized by Section 300(b) of the Code shall only be effective to modify the terms of these Bylaws if this corporation elects to become a close corporation with appropriate filing of or amendment to its Articles of Incorporation as required by Section 202 of the Code and shall terminate when this corporation ceases to be a close corporation. Such an agreement cannot waive or alter Sections 158 (defining close corporations), 202 (requirements of Articles of Incorporation), 500 and 501 (relative to distributions), 111 (merger), 1201(e) (reorganization) or Chapters 15 (Records and Reports), 16 (Rights of Inspection), 18 (Involuntary Dissolution) or 22 (Crimes and Penalties) of the Code. Any other provisions of the Code or these Bylaws may be altered or waived thereby, but to the extent they are not so altered or waived, these Bylaws shall be applicable.

## ARTICLE V
## CERTIFICATES AND TRANSFER OF SHARES

**Section 1. CERTIFICATES FOR SHARES.** Certificates for shares shall be of such form and device as the Board of Directors may designate and shall state the name of the record holder of the shares represented thereby; its number; date of issuance; the number of shares for which it is issued; a statement of the rights, privileges, preferences and restrictions, if any; a statement as to the redemption or conversion, if any; a statement of liens or restrictions upon transfer or voting, if any; if the shares be assessable or, if assessments are collectible by personal action, a plain statement of such facts.

All certificates shall be signed in the name of the corporation by the Chairman of the Board or vice Chairman of the Board or the President or Vice President and by the Chief Financial Officer or an Assistant Chief Financial Officer or the Secretary or any Assistant Secretary, certifying the number of shares and the class or series of shares owned by the shareholder.

Any or all of the signatures on the certificate may be facsimile. In case any officer, transfer agent, or registrar who has signed or whose facsimile signature has been placed on a certificate shall have ceased to be that officer, transfer agent, or registrar before that certificate is issued, it may be issued by the corporation with the same effect as if that person were an officer, transfer agent, or registrar at the date of issue.

**Section 2. TRANSFER ON THE BOOKS.** Upon surrender to the Secretary or transfer agent of the corporation of a certificate for shares duly endorsed or accompanied by proper evidence of succession, assignment or authority to transfer, it shall be the duty of the corporation to issue a new certificate to the person entitled thereto, cancel the old certificate and record the transaction upon its books.

**Section 3. LOST OR DESTROYED CERTIFICATES.** Any person claiming a certificate of stock to be lost or destroyed shall make an affidavit or affirmation of that fact and shall, if the Directors so require, give the corporation a bond of indemnity, in form and with one or more sureties satisfactory to the Board, in at least double the value of the stock represented by said

- 11 -

certificate, whereupon a new certificate may be issued in the same tenor and for the same number of shares as the one alleged to be lost or destroyed.

Section 4. **TRANSFER AGENTS AND REGISTRARS.** The Board of Directors may appoint one or more transfer agents or transfer clerks, and one or more registrars, which shall be an incorporated bank or trust company, either domestic or foreign, who shall be appointed at such times and places as the requirements of the corporation may necessitate and the Board of Directors may designate.

Section 5. **CLOSING STOCK TRANSFER BOOKS - RECORD DATE.** In order that the corporation may determine the shareholders entitled to notice of any meeting or to vote or entitled to receive payment of any dividend or other distribution or allotment of any rights or entitled to exercise any rights in respect of any other lawful action, the Board may fix, in advance, a record date, which shall not be more than sixty (60) nor less than ten (10) days prior to the date of such meeting nor more than sixty (60) days prior to any other action.

If no record date is fixed; the record date for determining shareholders entitled to notice of or to vote at a meeting of shareholders shall be at the close of business on the business day next preceding the day on which notice is given, or, if notice is waived, at the close of business on the business day next preceding the day on which the meeting is held.  The record date for determining shareholders entitled to give consent to corporate action in writing without a meeting, when no prior action by the Board is necessary, shall be the day on which the first written consent is given.

The record date for determining shareholders for any other purpose shall be at the close of business on the day on which the Board adopts the resolution relating thereto, or the sixtieth (60th) day prior to the date of such other action, whichever is later.

Section 6. **LEGEND CONDITION.** In the event any shares of this corporation are issued pursuant to a permit or exemption therefrom requiring the imposition of a legend condition, the person or persons issuing or transferring said shares shall make sure said legend appears on the certificate and shall not be required to transfer any shares free of such legend unless an amendment to such permit or a new permit be first issued so authorizing such a deletion.

Section 7. **CLOSE CORPORATION CERTIFICATES.** All certificates representing shares of this corporation, in the event it shall elect to become a close corporation, shall contain the legend required by Section 418(c) of the Code.

## ARTICLE VI
## RECORDS - REPORTS - INSPECTION

Section 1. **RECORDS.** The corporation shall maintain, in accordance with generally accepted accounting principles, adequate and correct accounts, books and records of its business and properties.  All of such books, records and accounts shall be kept at its principal executive office in the State of California, as fixed by the Board of Directors from time to time.

**Section 2. INSPECTION OF BOOKS AND RECORDS.** All books and records provided for in Section 1500 of the Code shall be open to inspection of the Directors and shareholders from time to time and in the manner provided in said Sections 1600 through 1602 of the Code.

**Section 3. CERTIFICATION AND INSPECTION OF BYLAWS.** The original or a copy of these Bylaws, as amended or otherwise altered to date, certified by the Secretary, shall be kept at the corporation's principal executive office and shall be open to inspection by the shareholders of the corporation at all reasonable times during office hours, as provided in Section 213 of the Code.

**Section 4. CHECKS, DRAFTS, ETC.** All checks, drafts, or other orders for payment of money, notes or other evidences of indebtedness, issued in the name of or payable to the corporation, shall be signed or endorsed by such person or persons and in such manner as shall be determined from time to time by resolution of the Board of Directors.

**Section 5. CONTRACTS, ETC. – HOW EXECUTED.** The Board of Directors, except as in the Bylaws otherwise provided, may authorize any officer or officers, agent or agents, to enter into any contract or execute any instrument in the name of and on behalf of the corporation. Such authority may be general or confined to specific instances. Unless so authorized by the Board of Directors, no officer, agent or employee shall have any power or authority to bind the corporation by any contract or agreement. or to pledge its credit, or to render it liable for any purpose or to any amount except as provided in Section 313 of the Code.

## ARTICLE VII
## ANNUAL REPORTS

**Section 1. REPORT TO SHAREHOLDERS - DUE DATE.** The Board of Directors shall cause an annual report to be sent to the shareholders not later than one hundred twenty (120) days after the close of the fiscal or calendar year adopted by the corporation. This report shall be sent at least fifteen (15) days before the annual meeting of shareholders to be held during the next fiscal year and in the manner specified in Section 4 of Article IV of these Bylaws for giving notice to shareholders of the corporation. The annual report shall contain a balance sheet as of the end of the end of the fiscal year and an income statement and statement of changes in financial position for the fiscal year, accompanied by any report of independent accountants or, if there is no such report, the certificate of an authorized officer of the corporation that the statements were prepared without audit from the books and records of the corporation.

**Section 2. WAIVER.** The annual report to shareholders referred to in Section 1501 of the Code is expressly dispensed with so long as this corporation shall have less than one hundred (100 ) shareholders. However, nothing herein shall be interpreted as prohibiting the Board of Directors from issuing annual or other periodic reports to the shareholders of the corporation as they consider appropriate.

## ARTICLE VIII
## AMENDMENTS TO BYLAWS

**Section 1.   AMENDMENT BY SHAREHOLDERS.**  New Bylaws may be adopted or these Bylaws may be amended or repealed by the vote or written consent of holders of a majority of the outstanding shares entitled to vote; provided, however, that if the Articles of Incorporation of the corporation set forth the number of authorized Directors of the corporation, the authorized number of Directors may be changed only by an amendment of the Articles of Incorporation.

**Section 2.  POWERS OF DIRECTORS.**  Subject to the right of the shareholders to adopt, amend or repeal Bylaws, as provided in Section 1 of this Article VIII, and the limitations of Sections 204(a)(5) and 212 of the Code, the Board of Directors may adopt, amend or repeal any of these Bylaws other than a Bylaw or amendment thereof changing the authorized number of Directors.

**Section 3.  RECORD OF AMENDMENTS.**  Whenever an amendment or new Bylaw is adopted, it shall be copied in the book of Bylaws with the original Bylaws, in the appropriate place.  If any Bylaw is repealed, the fact of repeal with the date of the meeting at which the repeal was enacted or written assent was filed shall be stated in said book.

## ARTICLE IX
## CORPORATE SEAL

The corporate seal shall be circular in form, and shall have inscribed thereon the name of the corporation, the date of its incorporation, and the word "California".

## ARTICLE X
## MISCELLANEOUS

**Section 1.  REFERENCES TO CODE SECTIONS.**  References herein to the "Code" refer to the relevant portions of the California Corporations Code known as the General Corporation Law effective January 1, 1977, as amended.

**Section 2.  REPRESENTATION OF SHARES IN OTHER CORPORATIONS.**  Shares of other corporations standing in the name of this corporation may be voted or represented and all incidents thereto may be exercised on behalf of the corporation by the Chairman of the Board, the President or any Vice President and the Secretary or an Assistant Secretary.

**Section 3.  SUBSIDIARY CORPORATIONS.**  Shares of this corporation owned by a subsidiary shall not be entitled to vote on any matter.  A subsidiary for these purposes is defined as a corporation, the shares of which possessing more than 25% of the total combined voting power of all classes of shares entitled to vote, are owned directly or indirectly through one (1) or more subsidiaries by this corporation.

**Section 4.     INDEMNIFICATION OF DIRECTORS, OFFICERS, EMPLOYEES AND OTHER AGENTS.**   The corporation shall, to the maximum extent permitted by Sections 317 and 207(f) of the Code, have power to indemnify each of its agents against expenses, judgments, fines, settlements and other amounts actually and reasonably incurred in connection with any proceeding arising by reason of the fact any such person is or was an agent of the corporation, and shall have power to advance to each such agent expenses incurred in defending any such proceeding to the maximum extent permitted by law. For the purposes of this Section 4 of this Article X, an "agent" of the corporation included any person who is or was a Director, officer, employee, or other agent of the corporation, or is or was serving at the request of the corporation as a Director, officer, employee, or agent of another corporation, partnership, joint venture, trust or other enterprise, or was a Director, officer, employee, or agent of a corporation which was a predecessor corporation of the corporation or of another enterprise at the request of such predecessor corporation.   The corporation may indemnify any Director, officer, agent or employee as to those liabilities and on those terms and conditions as are specified in Section 317 of the Code.   In any event, the corporation shall have the right to purchase and maintain insurance on behalf of any such persons whether or not the corporation would have the power to indemnify such person against the liability insured against.

**Section 5. ACCOUNTING YEAR.**  The accounting year of the corporation shall be fixed by resolution of the Board of Directors.

- 15 -

## <u>CERTIFICATE OF SECRETARY</u>

The undersigned, **SWARANJIT S. NIJJAR**, does hereby certify that:

1. He is the duly elected and acting Secretary of **NIJJAR REALTY, INC.,** a California corporation.

2. The foregoing Bylaws, comprising fifteen (15) pages (exclusive of this page), constitute the Bylaws of the Corporation.

3. As of the date of this Certificate, these Bylaws are in full force and effect and there have been no amendments thereto.

**IN WITNESS WHEREOF,** I have hereunto subscribed my hand and affixed the seal of the corporation as of this date, February 24, 2009.

SWARANJIT S. NIJJAR
Secretary

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

DECLARATION OF EVERET MILLER IN SUPPORT OF MOTION FOR SUBSTITUTION OF PARTY

# State of California
## Secretary of State

### CERTIFICATE OF STATUS

ENTITY NAME:

NIJJAR REALTY INC.

FILE NUMBER:       C0882200
FORMATION DATE:   01/24/1979
TYPE:            DOMESTIC CORPORATION
JURISDICTION:     CALIFORNIA
STATUS:          ACTIVE (GOOD STANDING)

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

The records of this office indicate the entity is authorized to exercise all of its powers, rights and privileges in the State of California.

No information is available from this office regarding the financial condition, business activities or practices of the entity.



IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this day of February 07, 2014.

**DEBRA BOWEN**
**Secretary of State**

MAR

# Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Friday, March 28, 2014. Please refer to Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | NIJJAR REALTY INC. |
| Entity Number: | C0882200 |
| Date Filed: | 01/24/1979 |
| Status: | ACTIVE |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | 4900 SANTA ANITA AVE STE 2C |
| Entity City, State, Zip: | EL MONTE CA 91731 |
| Agent for Service of Process: | SCOTT BROWN |
| Agent Address: | 2234 E COLORADO BLVD |
| Agent City, State, Zip: | PASASDENA CA 91107 |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code section 2114 for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

Privacy Statement | Free Document Readers
Copyright © 2014   California Secretary of State

## PROOF OF SERVICE

United States District Court, Central District of California
*Pete Nijjar v. General Star Indemnity Company, et. al*
Case No. CV 12-08148-DDP/(JCGx)

I am over eighteen years of age and not a party to the within action; my business address is 8889 W. Olympic Blvd, Penthouse Suite, Beverly Hills, California, 90210, which is located in Los Angeles County, the county where this mailing occurred.

On the date indicated below, I served the following document(s) described as:

**DECLARATION OF DALJIT KLER IN SUPPORT OF EX PARTE MOTION FOR SUBSTITUTION OF PARTY**

Such was placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid, and addressed to:

Patice Gore, Esq.
Alan Barbanel, Esq.
Barbanel & Treuer, P.C.,
1875 Century Park E, Suite 350
Los Angeles, CA 90067

(X) By MAIL: I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processes is deposited with the United States Postal Service that same day in the ordinary course of business.
(X) By Electronic Mail: I also caused such document to be sent via electronic mail to the email address of the addressee above.
( ) PERSONAL SERVICE: I hand delivered said document(s) to the addressee(s) pursuant to Code of Civil Procedure sections 473c and 1011
(X) (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Dated:  April _3_ , 2014

_____
Declarant

---

8

DECLARATION OF DALJIT KLER IN SUPPORT OF MOTION FOR SUBSTITUTION OF PARTY